UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TOLAND JEROME BONNER,
Plaintiff,

vs.

Case No.: 5:26-cv-146-TKW-ZCB

RICHARD COMERFORD,
Defendants.
_______________________________/

**ORDER**

This *pro se* habeas action was filed under 28 U.S.C. § 2254. In the past two months, Petitioner has inundated the Court with at least nine motions and filings. (Docs. 12, 13, 14, 15, 18, 20, 21, 22, 23). Respondent has responded to the first six filings (*see* Docs. 17, 19, 24), and no response is necessary for the remaining three.

## I. Background

Petitioner asserts multiple grounds for habeas relief in his amended petition. (Doc. 9). On July 6, 2026, the Court directed service of the amended petition and ordered Respondent to file a response to the amended petition within ninety days. (Doc. 10). Three weeks later and prior to Respondent answering the amended petition or his deadline expiring, the Court began receiving Petitioner's filings.

## II. Discussion

Given the number of pending filings and the fact that the Court is writing for the benefit of the parties, the Court will limit its discussion to what is necessary to resolve the filings.

### A. Petitioner's Motion Opposing the Respondent's Response to Petitioner's Four Motions (Doc. 22) and Objection to Respondent's Response to Motion for Probable Cause Review (Doc. 23)

The Court begins with the two latest filings: (1) a "Motion Opposing the Respondent's Response to Petitioner's Four Motions Related to the Record" (Doc. 22); and (2) an "Objection to Respondent's Response to Motion for Probable Cause Review" (Doc 23). Although styled as "motions" or "objections," these filings are nothing more than replies to Respondent's responses (Docs. 17, 19) to Petitioner's other motions.

Petitioner was not authorized to submit replies in support of his motions nor are there extraordinary circumstances warranting any replies. *See* N.D. Fla. Loc. R. 7.1(I) (stating that a "party ordinarily may not file a reply memorandum in support of a motion" and that the Court may only grant leave to reply "in extraordinary circumstances"); *see also Grlpwr, LLC v. Rodriguez*, No. 3:23cv16480, 2023 WL 6509501, at *1 (N.D. Fla. July 27, 2023) (noting that the standard under Local Rule

7.1(I) "is difficult to meet (as it should be) and it requires more than a party simply wanting to get the last word on its motion or to point out something that the Court is capable of discerning on its own without further briefing"). Although the Court could strike the filings as unauthorized replies, the Court will exercise its discretion to allow the filings to remain on the docket. The Court will consider the filings for what they are worth in the ultimate resolution of this matter.

### B. Petitioner's Motion Requesting the Clerk to Transcribe the Following Documents (Doc. 12)

Next is Petitioner's first motion, a "Motion Requesting the Clerk to Transcribe the Following Documents and Made Part of the Recort [sic]." (Doc. 12). Petitioner asks the Clerk of Court "to transcribe the following docket dates to be included in the record as they are pertinent to petitioner's actual conflict of interest claim as follows: [1] March 31, 2015 Order Grant Motion to Withdraw[;] [2] April 2, 2015 Defense Attorney: Wilkins, John Assigned." (*Id.* at 1).

In response, Respondent argues that this Court's Clerk of Court neither possesses nor has access to the state court records Petitioner seeks to transcribe. (Doc. 17 at 3). Respondent also argues that this Court lacks jurisdiction to force the state court clerk to take action. (*Id.*

at 3-4). Respondent concludes by stating that he will provide the documents referenced by Plaintiff as an exhibit to his answer. (*Id.* at 4).

Although Petitioner's reply was unauthorized as explained above, Petitioner clarified therein that his transcription motion "asks th[e] Court to direct the Respondent to include the state court order granting the motion to withdraw (dated March 31, 2015) and the order assigning Regional Conflict Counsel John Wilkins (dated April 2, 2015 as part of the official record in this case." (Doc. 22 at 1-2). Because Respondent has already indicated that the documents will be made part of the record when his answer is filed, Petitioner's motion is unnecessary at this stage. Thus, Petitioner's "Motion Requesting the Clerk to Transcribe the Following Documents and Made Part of the Recort [sic]" (Doc. 12) will be denied. *See Perry v. Fla. Att'y Gen.*, 2024 WL 5111697, at *1-2 (M.D. Fla. Dec. 13, 2024) (denying "motion to expand the record and compel the production of the transcripts as moot because the transcripts are already in the record") ("Perry does not need the Court's involvement to obtain the correspondence because he can obtain the correspondence directly from non-parties. For example, Perry has not alleged that the Duval County Clerk of Court has refused to provide him with records or that the Public Defender's Office has refused to provide him with the

correspondence.”).

### C. Petitioner’s Motion for Correction or Modification of the Record (Doc. 13)

Next is Petitioner’s “Motion for Correction or Modification of the Record.” (Doc. 13). In this motion, Petitioner claims that the Florida First District Court of Appeal (First DCA) “erroneously misstated the material facts” of Petitioner’s underlying state criminal case. (*Id.* at 5). Petitioner asks this Court to “correct and or modify the Opinion” so the record includes “an accurate account of the facts.” (*Id.*).

Respondent responds that this Court lacks authority to modify a state appellate court’s opinion. (Doc. 17 at 4-5). Respondent states that if Petitioner disagreed with the facts as recited in the First DCA’s opinion, he should have asked the state court for rehearing. (*Id.* at 5). Respondent argues that Petitioner was free to argue in his petition that the facts in the First DCA’s opinion were wrong and that he will have an opportunity to do so in his reply brief. (*Id.* at 5-6).

Petitioner’s motion will be denied. Respondent correctly notes that this Court lacks authority to modify the First DCA’s opinion. *See Johnson v. Bobby*, 170 F.4th 523, 532 (6th Cir. 2026) (“The judgment of conviction, however, is not what activates habeas power. Nor is that

judgment the target of habeas review. The federal court cannot revise the state court judgment; it can act only on the body of the petitioner." (cleaned up)). The Court also cannot order the First DCA to modify its opinion. *See generally Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought.").

**D. Petitioner's Motion to Compel (Doc. 14)**

Next is Petitioner's "Motion to Compel the Attorney to Disclose the Photo Lineup of Alleged Victim Joseph Logan Banks." (Doc. 14). In this motion, Petitioner asks the Court to compel Respondent's counsel to disclose "Petitioner's identification in the photo lineup procedure that was used in attempting to identify [Petitioner] by Victim Joseph Logan Banks on the night of January 6, 2015 according to the Probable Cause Narrative." (*Id.* at 1).

Respondent argues that Petitioner has admitted the photo lineup he seeks to compel was never found and that even if it exists, it does not support one of Petitioner's constitutional claims. (Doc. 17). Respondent claims he does not have possession of the photo lineup and that it is not part of the state court record. (*Id.* at 7, 11). Respondent's other

arguments go to the merits of Petitioner's constitutional claims. (*Id.* at 8-11). But Respondent states that if the photo lineup exists or was used in state court, he will include it with his answer. (*Id.* at 11).

Petitioner's motion will be denied for two reasons. First, discovery has not been authorized in this habeas proceeding, and thus Plaintiff's motion to compel is premature. *See* Rule 6(a), Rules Governing § 2254 Cases (requiring good cause and leave of court to conduct discovery); *see also Ochoa v. United States*, 45 F.4th 1293, 1300-01 (11th Cir. 2022) (noting that "habeas petitioners are not entitled to discovery as a matter of ordinary course" and that "a habeas case is not a vehicle for a so-called fishing expedition via discovery, in an effort to find evidence to support a claim" (cleaned up)).[1]

[1] The Court finds no good cause to authorize discovery at this time because any relevant state court documents in Respondent's possession will be submitted upon the filing of his answer. *See* Rule 5(c)-(d), Rules Governing § 2254 Cases (requiring the respondent to include with his answer any relevant state court transcripts, briefs, and opinions). And Petitioner's conclusory statement that the photo lineup is needed "so the Court can have a clear and accurate account of the things that happened or did not happen in this case" is insufficient. (Doc. 14 at 2). So too are Petitioner's speculative conclusions in his unauthorized reply. (Doc. 22 at 5-9). *See Ochoa*, 45 F.4th at 1301 (stating that "good cause for discovery cannot arise from mere speculation or pure hypothesis" (cleaned up)); *Reynolds v. Comm'r, Alabama Dep't of Corr.*, No. 22-14015, 2024 WL 4431791, at *10 (11th Cir. Oct. 7, 2024) (affirming denial of

Second, Petitioner has not shown that Respondent has possession of the photo lineup. Petitioner has not met his burden of rebutting Respondent's claim that he does not possess the photo lineup. Petitioner himself admits in his amended petition that "the photo lineup of Victim Banks was never located" (Doc. 9 at 15) and nothing he has subsequently submitted proves otherwise. Indeed, the Court cannot compel Respondent to disclose a document that he does not have in his possession, much less one that may not even exist.

**E. Petitioner's Motion for Leave to Supplement the Record (Doc. 15)**

Next is Petitioner's "Motion for Leave to Supplement the Record for this § 2254 Petition." (Doc. 15). Petitioner asks that the record be supplemented with the photo lineup referenced in the aforementioned motion to compel (Doc. 14). (Doc. 15 at 1). Petitioner has not shown that Respondent or anyone else within the Court's jurisdiction has possession of the photo lineup. And Petitioner admits that that the photo lineup was not included in the state court record. (Doc. 15 at 1-2) (stating the photo lineup "should have been filed in the Circuit Court" and that the "initial

habeas discovery where petitioner "had not sufficiently articulated what additional discovery would reveal").

record nor the supplemental record contain the item listed above in this motion”).

At bottom, the Court cannot supplement the record with a document that Respondent does not have possession over and that may not even exist.

**F. Petitioner’s Motion for Probable Cause Review and Hearing on Continued Detention Due to Fraud on the Court (Doc. 18)**

Next is Petitioner’s “Motion for Probable Cause Review and Hearing on Continued Detention Due to Fraud on the Court.” (Doc. 18). Petitioner requests an evidentiary hearing and an immediate release from custody based on allegations of fraud in the state court proceedings. (*Id.* at 1-7). Respondent argues that these claims are different from those in Petitioner’s amended petition and that any erroneous probable cause determinations were cured when the jury convicted Petitioner at trial. (Doc. 19).

Petitioner’s motion asserts claims that should have been asserted in his amended petition rather than a pre-answer motion. *See* N.D. Fla. Loc. R. 5.7(A)-(B) (requiring *pro se* habeas claims to be submitted on the Court-approved habeas petition form). Petitioner’s motion appears to be nothing more than a premature attempt to obtain habeas relief that

should only be granted upon consideration of a complete record, including the amended petition, answer, reply, and state court record. As explained in more detail later in this order, the Court will not condone piecemeal litigation by allowing Petitioner to collaterally attack his conviction through pre-answer motion practice in an already-collateral proceeding.

If Petitioner has omitted habeas claims he now wishes to pursue, Petitioner should seek leave to amend his petition to include such claims. Otherwise, Petitioner must await Respondent's answer and raise any other arguments in support of habeas relief in his reply. *See Robinson v. Berry*, 2020 WL 990008, at *2 (M.D. Ga. Feb. 28, 2020) ("Petitioner's motions for a preliminary hearing, injunctive relief, and summary judgment are all premature and DENIED as such. In accordance with the Rules Governing § 2254 Cases . . . , the Court will direct Respondent to answer this Petition and will then determine whether discovery, expansion of the record, an evidentiary hearing, or any additional information is necessary to resolve Petitioner's claim." (cleaned up)); *Dowl v. Prince*, 2011 WL 2457684, at *1 (E.D. La. June 20, 2011) ("As of this writing, the State has not filed its response in opposition to the habeas petition . . . . The Court does not yet have a certified copy of the state court records necessary to evaluate Dowl's petition under § 2254,

including its timeliness, exhaustion of state remedies and any applicable procedural bars to its review. Until such time as the State responds, the record is not sufficient to consider Dowl's motion. Upon receipt of that answer, the Court will evaluate and consider Dowl's petition under the appropriate standards provided under § 2254 and related provisions. The Court does not require a motion to generate its review under the procedures utilized by this Court. Therefore, Dowl's premature motion shall be dismissed." (cleaned up)).

**G. Petitioner's Motion Requesting the Clerk to Transcribe the Depositions (Doc. 20)**

Next is Petitioner's "Motion Requesting the Clerk to Transcribe the Depositions to be Made Part of the Record." (Doc. 20). Petitioner appears to ask the Clerk to include certain witness deposition transcripts in the record. (*Id.* at 1). Respondent opposes the motion, arguing—*inter alia*—that this Court's Clerk does not have access to state court records and that Petitioner is not entitled to discovery as a matter of course in this habeas proceeding. (Doc. 24).

Respondent's response indicates that the deposition transcripts Petitioner's references will be included as exhibits to Respondent's answer. (Doc. 24 at 6). As with his other motion to transcribe (Doc. 12),

Petitioner has not allowed Respondent sufficient time to file his answer and develop the record. Because Respondent has stated that the deposition transcripts will be made part of the record when his answer is filed, Petitioner's motion is premature.

### H. Petitioner's Motion to Suppress the Two Dispositive Photo Identifications (Doc. 21)

Next is Petitioner's "Motion to Suppress the Two Dispositive Photo Identifications." (Doc. 21). Petitioner seeks to suppress two photo identifications because the state court allegedly violated the Sixth and Fourteenth Amendments when it admitted them into evidence. (*Id.*). Petitioner's motion is improper for two reasons.

First, Petitioner's arguments are either raising new habeas claims not previously made or supplementing claims already presented in his amended petition. (*See, e.g.*, Doc. 9 at 23, 29). In either situation, Petitioner is engaging in impermissible piecemeal pleading. "The [F]ederal [R]ules do not authorize litigants to submit their pleadings in piecemeal fashion" as Petitioner has done here. *Aufderhaar v. Warder*, 2021 WL 7448081, at *4 (M.D. Fla. Nov. 3, 2021). Rather, the Rules "contemplate the use of only one [pleading] per litigant." *Id.* "Avoiding piecemeal pleading promotes clarity and efficiency." *Kilpatrick v.*

*Lauderdale Cnty. Sheriff's Dep't*, 2020 WL 6937843, at *10 (N.D. Ala. Nov. 13, 2020). And "with its heavy prisoner docket," the Court "will not permit piecemeal litigation, nor non-compliance with the federal and local rules governing the filing of a § 2254 petition." *McDougal v. Florida*, 2018 WL 11193324, at *1 (S.D. Fla. Mar. 13, 2018); *see also Taylor v. Macon State Prison*, 2024 WL 6473721, at *1 (N.D. Ga. Feb. 8, 2024) ("[T]he Court ordinarily does not accept piecemeal pleadings, and Petitioner does not provide a complete document containing his amended claims.").

Because Petitioner's motion essentially attempts to assert new claims or supplement claims already made, it is an improper piecemeal pleading and will be denied. Again, if Petitioner wishes to assert new claims or add new information or argument on claims already made, he must do so by seeking leave to amend his petition. *See* Rule 2(c)(1)-(2), Rules Governing § 2254 Cases (stating that a habeas petition "must . . . specify *all the grounds for relief* available to the petitioner" and "state the facts supporting each ground" (emphasis added)); N.D. Fla. Loc. R. 5.7(B) (stating that a *pro se* habeas petition "must set out specific claims and supporting facts and may not make reference to a memorandum"); *see also Wall, Sr. v. Sec'y, Dep't of Corr.*, 2026 WL 1694063, at *2 n.4 (M.D.

Fla. June 11, 2026) ("This Court will not entertain piecemeal litigation.")

## III. Conclusion

At bottom, Petitioner appears to be making premature attempts to obtain habeas relief prior to Respondent submitting the full state court record and responding to Petitioner's claims. The Court will not entertain premature and piecemeal habeas litigation when the record and the parties' arguments have not been fully developed. Like all other habeas petitioners appearing in this Court, Petitioner must follow the ordinary steps of a habeas case: (1) a habeas petition raising all claims is filed; (2) an answer is filed and the state court record is submitted; (3) the petitioner is provided an opportunity to reply to the answer; and (4) the Court considers the entire record and determines whether habeas relief is warranted. There is no reason to deviate from these steps in Petitioner's case.

All Petitioner is doing by clogging the docket with the recent motions and notices and objections is needlessly consuming the Court's time and potentially delaying the ultimate resolution of this case.

Accordingly, it is **ORDERED** that:

1. Petitioner's motions (Docs. 12, 13, 14, 15, 18, 20, 21) are **DENIED** for the reasons explained above.

2. Petitioner's "Motion Opposing the Respondent's Response to Petitioner's Four Motions Related to the Record" (Doc. 22) and his "Objection to Respondent's Response to Motion for Probable Cause Review" (Doc. 23) shall be **TERMINATED** by the Clerk of Court because they are not proper motions and instead appear to be unauthorized replies.

**SO ORDERED** this 17th day of September 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge